# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Davis Arjuna Whitfield-Cargile, Respondent.

Appellate Case No. 2026-000124

---

Opinion No. 28336
Submitted May 1, 2026 – Filed May 27, 2026

---

## PUBLIC REPRIMAND

---

Disciplinary Counsel William M. Blitch, Jr., and Assistant Disciplinary Counsel Kristina Jones Catoe, both of Columbia, for the Office of Disciplinary Counsel.

John S. Nichols, of Bluestein Thompson Sullivan LLC, of Columbia, for Respondent.

---

**PER CURIAM:** By order of the Grievance Committee of the North Carolina State Bar dated December 1, 2025, Respondent was censured for violating the North Carolina Rules of Professional Conduct. Respondent timely reported this matter to the Office of Disciplinary Counsel (ODC) under Rule 29(a), RLDE, Rule 413, SCACR (requiring a lawyer disciplined in another jurisdiction to notify ODC within fifteen days). Notice of that discipline was filed with this Court on January 21, 2026, pursuant to Rule 29(b), RLDE. Thereafter, pursuant to Rule 29(b), RLDE, ODC and Respondent were notified by letter of the Clerk of this Court that they had thirty days to inform the Court of any claim that imposition of the identical discipline in South Carolina is not warranted. On January 23, 2026, ODC filed a response arguing the imposition of identical discipline is warranted. On February 23, 2026, Respondent filed a response urging the Court to consider imposing a lesser form of discipline, such as a letter of caution or a confidential admonition. We impose a public reprimand as reciprocal discipline.

# I.

The North Carolina grievance arose from Respondent's representation of a client, who was a former employee of a non-profit and a defendant in a civil matter. During discovery, Respondent propounded interrogatories to a member of the non-profit's board of directors asking about, among other things, the board member's "sexual, intimate, and romantic relationships." After being sanctioned by the court for having propounded the interrogatories, Respondent filed a motion to reconsider to which he appended an affidavit by his client detailing additional "salacious hearsay allegations" about the board member, for which the court sanctioned Respondent a second time.

The Grievance Committee of the North Carolina State Bar found Respondent violated Rule 3.4(d) (prohibiting frivolous discovery requests); Rule 4.4(a) (prohibiting use of means that have no substantial purpose other than to embarrass a third person); and Rule 8.4(d) (prohibiting conduct prejudicial to the administration of justice) of the North Carolina Rules of Professional Conduct. In evaluating the proper sanction, the Grievance Committee noted Respondent accepted responsibility for his misconduct and the harm resulting therefrom, Respondent's sincere remorse, and his cooperation during the grievance process. Accordingly, the Grievance Committee concluded the appropriate sanction for Respondent's misconduct was a censure, which is described as:

> A written form of discipline issued when an attorney is determined to have violated one or more provisions of the [North Carolina] Rules of Professional Conduct and has caused significant harm or potential significant harm to a client, the administration of justice, the profession[,] or a member of the public, but the protection of the public does not require suspension of an attorney's license.

N.C. Gen. Stat. Ann. § 84-24(c)(3). Respondent, with the advice of North Carolina counsel, accepted this ruling without appealing or otherwise challenging it.

# II.

Upon notice that another jurisdiction has disciplined a lawyer admitted to practice in South Carolina, Rule 29(b), RLDE, provides the lawyer and ODC have thirty days to submit any claims as to why the imposition of identical discipline in this state would be unwarranted and the reasons for that claim. Rule 29(d), RLDE, provides that upon the expiration of that thirty-day period, this Court "*shall impose*

the identical discipline" unless certain conditions exist, including that "the misconduct established warrants substantially different discipline in this state." Rule 29(d)(4), RLDE (emphasis added). A final adjudication in another jurisdiction that a lawyer has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this state. Rule 29(e), RLDE.

As noted above, ODC argues imposition of identical discipline is warranted and that a public reprimand is the equivalent discipline.

Respondent concedes that a censure in North Carolina equates to a public reprimand in South Carolina and that there was no substantive or procedural violation or error in the North Carolina discipline proceedings. However, Respondent nevertheless urges the Court to impose a lesser sanction "if any," based on the numerous items he submitted, including various affidavits attesting to Respondent's good moral character; certain pleadings and other documents in the underlying North Carolina lawsuit; the discovery requests at issue; and various documents from the North Carolina grievance process. Essentially, Respondent argues that these discovery requests were aimed at establishing a truth defense to a defamation claim and therefore imposition of identical discipline in this case would result in a "grave injustice" under Rule 29(d)(3) because similar conduct has been dealt with confidentially in South Carolina in the past. In support of his argument, Respondent cites *In re Anonymous Member of the South Carolina Bar*, 346 S.C. 177, 552 S.E.2d 10 (2001) (addressing, for the benefit of the bench and the bar in connection with a separate, confidential disciplinary matter, the contours of appropriate conduct by attorneys in depositions and emphasizing the broad discretion afforded to trial judges to determine what constitutes improper discovery tactics).

### III.

We acknowledge Respondent's arguments but nevertheless conclude none of the reasons set forth in Rule 29(d), RLDE exist to justify different discipline in this matter. We further find a censure in North Carolina is the equivalent of a public reprimand in South Carolina. *See In re Major*, 275 S.C. 251, 269 S.E.2d 345 (1980) (imposing a public reprimand as reciprocal discipline for an attorney who was publicly censured in North Carolina); *c.f. In re Flower*, 446 S.C. 86, 918 S.E.2d 248 (2025) (imposing a public reprimand as reciprocal discipline for an attorney who was publicly censured in the District of Columbia). Accordingly, Respondent is hereby publicly reprimanded as reciprocal discipline.

**PUBLIC REPRIMAND.**

**KITTREDGE, C.J., FEW, JAMES, HILL, and VERDIN, JJ., concur.**